NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1043

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 29663

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe,[1] appeals from a Superior Court judgment affirming his final classification by the Sex Offender Registry Board (SORB) as a level two sex offender.  Concluding that the hearing examiner acted within his discretion in denying Doe's motion for expert funds and discerning no error in the examiner's analysis, we affirm.

1.  Standard of review.  "[A] decision of SORB 'may only be set aside if the court determines that the decision is unsupported by substantial evidence or is arbitrary or capricious, an abuse of discretion, or not in accordance with the law.'"  Doe, Sex Offender Registry Bd. No. 22188 v. Sex

_____

[1] A pseudonym.

Offender Registry Bd., 101 Mass. App. Ct. 797, 801 (2022) (Doe No. 22188), quoting Doe, Sex Offender Registry Bd. No. 6969 v. Sex Offender Registry Bd., 99 Mass. App. Ct. 533, 537 (2021). "We review the examiner's decision to deny a motion for expert funds for an abuse of discretion." Doe, Sex Offender Registry Bd. No. 58574 v. Sex Offender Registry Bd., 98 Mass. App. Ct. 307, 310 (2020) (Doe No. 58574). We review the Superior Court's decision de novo. See Doe, Sex Offender Registry Bd. No. 22164 v. Sex Offender Registry Bd., 103 Mass. App. Ct. 431, 433 (2023).

2. Motion for expert funds. "[I]n moving for expert witness funds, the burden [is] on the sex offender to identify and articulate the reason or reasons, connected to a condition or circumstance special to him, that he needs to retain a particular type of expert." Doe, Sex Offender Registry Bd. No. 89230 v. Sex Offender Registry Bd., 452 Mass. 764, 775 (2008) (Doe No. 89230). Accord 803 Code Mass. Regs. § 1.16(4)(a) (2016). "[G]eneral motion[s] for funds to retain an expert to provide an opinion on the sex offender's risk of reoffense, without more, would . . . be insufficient." Doe, Sex Offender Registry Bd. No. 234076 v. Sex Offender Registry Bd., 484 Mass. 666, 670 (2020), quoting Doe No. 89230, supra. "[T]he decision whether to grant an individual sex offender funds for an expert

2

is a discretionary one, to be based on the facts presented in an individual case." Doe No. 89230, supra.

By regulation, an offender seeking expert funds must file a written motion that, inter alia, "identif[ies] a condition or circumstance special to the sex offender and explain how that condition is connected to his or her risk of reoffense or level of dangerousness." 803 Code Mass. Regs. § 1.16(4)(a). Here, Doe requested funds for an expert because he "is mentally ill and suffers from bipolar disorder," but provided no connection other than the vague statement that "[o]ther scientific studies have also found that the diagnosis of schizophrenia, mania or depression is negatively, if at all, related to future violent recidivism."

The examiner revisited the issue at the hearing, explaining that "there needs to be some sort of sense of a connection" and asked how Doe's bipolar disorder was relevant. Rather than provide a connection, Doe's attorney said, "Isn't that what a doctor would explore, that if there was some type of nexus. We won't know that until there is an evaluation." Cf. Doe No. 58574, 98 Mass. App. Ct. at 309 ("[Doe] also cited two scientific studies. He stated that the first study found that 'men with [Doe's condition] experienced greater sexual

3

dysfunction . . . than a control group of men without the disease'").

Doe was unable to provide even an attenuated connection between his mental illness and his likelihood to reoffend. Where the hearing examiner found no basis in the motion and provided Doe an opportunity to orally provide a basis for the connection yet Doe was still unable to provide one, it was reasonable for the hearing examiner to deny the motion for funds.

3. Application of the regulatory factors. "[A] hearing examiner has discretion . . . to consider which statutory and regulatory factors are applicable and how much weight to ascribe each factor." Doe, Sex Offender Registry Bd. No. 356315 v. Sex Offender Registry Bd., 99 Mass. App. Ct. 292, 299 (2021), quoting Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 109-110 (2014). "We 'give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it.'" Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 88 (2019) (Doe No. 523391), quoting Doe, Sex Offender Registry Bd. No. 356011, 88 Mass. App. Ct. 73, 76 (2015).

4

a. Age at first offense (factor 4). The regulation provides that "[o]ffenders who manifest an early onset and persistence of deviant sexual interests or behaviors are at a higher risk to reoffend sexually." 803 Code Mass. Regs. § 1.33(4)(a). "Factor 4 applies to offenders convicted as adults who committed their first detected sexual misconduct as a juvenile and continued to engage in sexual misconduct after the age of 21." 803 Code Mass. Regs. § 1.33(4)(a). A juvenile is "[a]n individual younger than 18 years old at the time of committing a sex offense." 803 Code Mass. Regs. § 1.03.

Doe argues that, because he was tried and sentenced as a legal adult in 1997 following his sex offending behavior with his first victim, he cannot now be considered a "juvenile" for purposes of applying factor 4. This, however, is not what the regulations require. Doe committed his first sex offense at age seventeen, making him a juvenile under the regulations. His second offense was committed at age thirty-nine. Accordingly, it was reasonable for the examiner to apply this factor.

b. Level of physical contact (factor 19) and other useful information (factor 37). The regulation provides that "[t]he offender who engages in penetration, especially penile penetration, as part of the sexual assault poses an increased degree of dangerousness." 803 Code Mass. Regs. § 1.33(19)(a).

5

"In the case of an adult with a child victim, if the difference in age between the offender and the victim is five years or less and there is evidence of a consensual, although statutorily criminal sexual act, the Board shall give limited weight to factor 19."  803 Code Mass. Regs. § 1.33(19)(a).  Additionally, "the Board shall consider any information that it deems useful in determining risk of reoffense and degree of dangerousness posed by any offender."  803 Code Mass. Regs. § 1.33(37)(a).

The examiner noted that Doe discussed with his second victim "engaging in sexual acts including fellatio, cunnilingus, and intercourse" and then "consider[ed] his interest in engaging in penetrative acts, and his traveling to the hotel to do so, to be other useful information."[2]  Contrary to Doe's contentions, consideration of Doe's planned behavior would be proper under factor 37, which allows the examiner to consider any information which weighs on an offender's risk of reoffense and degree of dangerousness.  The examiner reasonably considered Doe's recent behavior as an administrator of an online chat room titled "RiTeen4Older" and travel to the hotel where the second victim

_____

[2] The examiner applied factor 19 only to Doe's offense against the first victim, where Doe penetrated the victim's vagina with his penis.  Consistent with the regulation, however, the examiner appropriately applied minimal weight.

6

was said to be waiting to meet him relevant to his likelihood of reoffense and dangerousness.

4. Substantial evidence. "Substantial evidence is 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 632 (2011), quoting G. L. c. 30A, § 1 (6). "A level two classification requires a finding, by clear and convincing evidence, that '(1) the offender's risk of reoffense is moderate; (2) the offender's dangerousness is moderate; and (3) a public safety interest is served by Internet publication of the offender's registry information.'" Doe, Sex Offender Registry Bd. No. 23656 v. Sex Offender Registry Bd., 483 Mass. 131, 138 (2019), quoting Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 656 (2019). "Under the clear and convincing standard, '[t]he evidence must be sufficient to convey a "high degree of probability" that the contested proposition is true.'" Doe No. 523391, 95 Mass. App. Ct. at 94, quoting Doe, Sex Offender Registry Bd. No. 380316 v. Sex Offender Registry Bd., 473 Mass. 297, 309 (2015).

The examiner found Doe's risk of reoffense to be moderate given evidence of Doe's sexual deviance and antisocial orientation. In the span of twenty-three years, Doe first

7

engaged in sexual intercourse in a public location with a thirteen year old child, and then traveled to meet a fourteen year old child for sex. Doe also has a long and extensive criminal record spanning across Massachusetts and Rhode Island, which includes nonsexual violence and hostile acts towards multiple women. Doe violated his probation on several occasions, including by committing both sex offenses, and has been subject to seven restraining orders in Massachusetts between 1995 and 2016 by six different women. The examiner reasonably found Doe's persistent interest in young teen victims, his long criminal record, and repeated violations of probation to support a level two classification.

The examiner further found that a public safety interest would be served by Internet publication given that Doe targeted vulnerable young teens in both offenses. His use of an online chat site to seek out stranger teens for the explicit purpose of sexual interactions and the fact that he was undeterred by the victim's age and the illegality of his conduct further supported the examiner's determination.

Fundamentally, Doe takes issue with the examiner's conclusion that Doe "shows persistent interest in underaged girls." There is no question, however, that Doe had sexual intercourse with an underaged girl in 1997 and then, in 2020,

8

used his control of an Internet chat group to try to convince someone he thought was a fourteen year old girl to engage in intercourse with him.  Even if reasonable minds can derive different conclusions from this information, we discern nothing unreasonable in the examiner's concluding that Doe's interest in underaged girls persisted for at least twenty-three years and that he thereby posed a moderate risk of reoffense and moderate dangerousness, and that a public safety interest would be served by Internet dissemination of his registry information.  See Doe, Sex Offender Registry Bd. No. 3839 v. Sex Offender Registry Bd., 472 Mass. 492, 500-501 (2015), quoting Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 110 (2014) ("Our review of a hearing examiner's decision 'does not turn on whether, faced with the same set of facts, we would have drawn the same conclusion, . . . but only "whether a contrary conclusion is not merely a possible but a necessary

inference"'").

                                        <u>Judgment affirmed</u>.

                                        By the Court (Shin, Ditkoff &
                                          Brennan, JJ.[3]),

                                        Clerk

Entered:   January 6, 2025.

---

[3] The panelists are listed in order of seniority.

10